IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

F. LEON WILSON,

    Petitioner,

v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:20-CV-1913
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On January 8, 2021, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 22.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 25.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection (ECF No. 25) is **OVERRULED**. The Report and Recommendation (ECF No. 22) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

In July 2015, the Delaware County grand jury indicted Petitioner on three counts of gross sexual imposition with school safety zone specifications on charges that took place during his time as a chess coach for children, ages four and seven years old. Petitioner's first trial resulted in a mistrial. A jury convicted Petitioner after a second jury trial on two counts of gross sexual imposition. On August 2, 2016, the trial court sentenced Petitioner to an aggregate term of eight and one-half years in prison. The state appellate court affirmed that judgment, and the Ohio Supreme Court declined to accept jurisdiction of the appeal. Petitioner unsuccessfully pursued

1

other state collateral relief, as outlined in the Report and Recommendation. (ECF No. 22, PAGEID # 2849-52.) Petitioner asserts that he was denied the effective assistance of trial and appellate counsel (claims one and two); that his re-trial on the charge of gross sexual imposition relating to K.P. violated the Double Jeopardy Clause (claim three); and that the admission and playback of E.C.'s recorded forensic interview violated the Double Jeopardy Clause (claim four). The Magistrate Judge recommended dismissal of these claims as procedurally defaulted or without merit. Petitioner objects to those recommendations.

Petitioner objects to the recommendation of dismissal of his claims of ineffective assistance of trial counsel as procedural defaulted.[1] At length, he again raises all of the same arguments he previously presented. Petitioner maintains that the state appellate court adjudicated the merits of sub-claims one and two (trial counsel's failure to request a jury poll in the first trial or inquire as to the verdict on Count 3, the GSI charge relating to K.P., and failure to file a motion to dismiss Count 3 on double jeopardy grounds); that he presented sub-claim twelve (trial counsel's failure to retain a DNA expert) in the Ohio Supreme Court; that he preserved for federal habeas review other on-the-record claims in post-conviction proceedings; and that review of his claims is warranted because of circular reasoning and misapplication of *res judicata,* and the state courts' dismissal of his claims without an evidentiary hearing or consideration of the impact of cumulative error. Referring to *Patterson v. Haskins*, 316 F.3d 596 (6th Cir. 2003), Petitioner argues that the appellate court's plain error review of his Confrontation Clause claim did not result in a procedural default. He again asserts the denial of

---

[1] Petitioner has raised thirteen sub-claims of ineffective assistance of trial counsel. (*Petition*, ECF No. 1, PAGEID # 6.) The Magistrate Judge recommended dismissal of all of them as procedurally defaulted, except for Petitioner's claim that he was denied the effective assistance of trial counsel because his attorney failed to present to the jury E.C.'s incompetence and inability to recall her accusations against him (sub-claim seven). The Magistrate Judge recommended dismissal of this latter claim as without merit.

the effective assistance of appellate counsel as cause for any procedural default. Petitioner also again argues that he has presented meritorious claims for relief. He complains that the Magistrate Judge misapplied the language of 28 U.S.C. § 2254(d) in recommending dismissal of his claim that his re-trial violated the Double Jeopardy Clause based on juror affidavits and in violation of *United States v. Ball*, 163 U.S. 662, 671 (1896) ("a verdict of acquittal. . . is a bar to a subsequent prosecution for the same offense.") (citation omitted).

Upon review of the record and for the reasons detailed by the Magistrate Judge, this Court is not persuaded by Petitioner's arguments. The record does not indicate that Petitioner properly preserved his various claims of ineffective assistance of trial counsel for review in these proceedings. Likewise, the record does not indicate that the state appellate court adjudicated his claims on the merits or improperly applied barred review of his claims under the doctrine *res judicata* so as to permit consideration of his procedurally defaulted claims here. In Ohio, on-the-record claims – that is, claims that fairly may be determined without resort to evidence outside of the record – must be raised on direct appeal where, as here, the defendant has new counsel on appeal. The failure to raise claims that are readily apparent from the face of the record on direct appeal results in a procedural default. *See Monzo v. Edwards*, 281 F.3d 568, 576–77 (6th Cir. 2002) (citing *State v. Perry*, 10 Ohio St.2d 175 (1967); *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169, 170 (1982)). This rule applies regardless of whether a petitioner's claim of ineffective assistance may be bolstered by evidence about defense counsel's strategic choices. The record does not reflect that Petitioner can establish cause for his procedural defaults. No evidentiary hearing is required to resolve Petitioner's claims. Further, the Sixth Circuit repeatedly has held that claims of cumulative error are not cognizable in habeas corpus proceedings. *See Billenstein v. Warden, Warren Corr. Inst.*, No. 3:15CV1097, 2016 WL

4547413, at *8 (N.D. Ohio July 8, 2016), *report and recommendation adopted sub nom. Billenstein v. Warden*, No. 3:15CV01097, 2016 WL 4543160 (N.D. Ohio Aug. 31, 2016) (citing *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006); *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005); *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011)).

Petitioner complains that the Court did not address his claim of ineffective assistance of appellate counsel based on his attorney's failure to challenge Count 3 of the Indictment as defective for failing to identify the county where the alleged offense took place. (*Objection*, ECF No. 25, PAGEID # 2919). He appears to have raised this same issue in the Ohio Supreme Court. (*See Memorandum in Support of Jurisdiction*, ECF No. 7-1, PAGEID # 839.) Petitioner further argues that this Court should conduct a *de novo* review, because the appellate court improperly rejected the claim based on venue (*Objection,* ECF No. 25, PAGEID # 2919-20), as follows:

> [A]ppellant alleges the indictment failed to state that the offense in Count 3 occurred in Franklin County. Count 3 alleged "during the period of February 19, 2015 through April 9, 2015 in Delaware County, Ohio, or by some manner enumerated in Section 2901.12 of the Ohio Revised Code whereby proper venue is placed in Delaware County, Ohio * * *." In denying appellant's motion to dismiss Count 3, the trial court found the allegations constituted a continuing course of conduct under R.C. 2901.12(H). We find the offenses were properly venued in Delaware County as part of a continuing course of criminal conduct. *State v. Castor,* 5th Dist. Delaware No. 14 CAA 01 0004, 2014-Ohio-5236. We do not find any evidence of prejudice regarding this issue.

(*Judgment Entry*, ECF No. 7-1, PAGEID # 831.) However, the record indicates that the appellate court considered, and rejected, the same argument Petitioner raised in his Rule 26(B) application. Moreover, his claim plainly lacks merit. The Indictment and charge in Count 3 complied with Ohio law in identifying Delaware County as the location of the offense charged. Petitioner therefore has failed to establish a claim under *Strickland v. Washington*, 466 U.S. 669 (1984). based on appellate counsel's failure to raise the issue on appeal.

Due to an error in the numbering of Petitioner's various sub-claims of ineffective assistance of counsel as set forth in the Petition, it appears that the Court did not address Petitioner's claim of ineffective assistance of trial counsel now identified as sub-claim eleven, *i.e.*, counsel's failure to "[c]all a witness who would have contradicted the State's claim that Petitioner isolated K.P. for purposes of having sexual contact with her[.]" (*See Objection*, ECF No. 25, PAGEID # 2885.) However, Petitioner has procedurally defaulted this claim for relief by failing to present it to the Ohio Court of Appeals or the Ohio Supreme Court. (*See* ECF No. 7-1, PAGEID # 576; 725.)

Petitioner's reference to *Patterson,* 316 F.3d at 596, does not assist him. In *Patterson*, the Sixth Circuit held that the state appellate court had conducted a merits review in Rule 26(B) proceedings on a claim involving allegedly improper jury instructions that had not been objected to at trial, when it found that the jury instructions provided a "sufficiently detailed and a correct statement of Ohio law" and stated that the trial court committed no "error, plain or otherwise in giving of the jury instructions." *Patterson,* 316 F.3d at 605. "The Ohio Court of Appeals, in denying Patterson's application to reopen his appeal, did not 'clearly and expressly state[ ] that its judgment rests on a state procedural bar.'" *Id*. (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989) (citation and internal quotation marks omitted)). Notably, however, in *Patterson*, "the Ohio Court of Appeals made no mention of Patterson's failure to object to the jury instructions during trial." *Id*. Here, in contrast, the state appellate court explicitly noted Petitioner's failure to object and indicated that it was conducting a plain error review. *State v. Wilson*, 93 N.E. 3d at 1289-90. Petitioner has thereby procedurally defaulted his claim under the Confrontation Clause. *See Wade v. Timmerman-Cooper,* 785 F.3d 1059, 1076 (6th Cir. 2015); *Conley v. Warden, Chillicothe Corr. Inst.,* 505 F. App'x 501, 506-07 (6th Cir. 2012).

As to Petitioner's claim that his re-trial violated the Double Jeopardy Clause, application of Ohio's aliunde rule precluded consideration of any juror affidavits in support of this claim. *State v. Wilson*, 5th Cir. No. CAA040035, 2018 WL 6721310, at *3-8 (Ohio Ct. App. Dec. 20, 2018). "[T]he Sixth Circuit has held that 'there is no 'constitutional impediment to enforcing' Ohio's aliunde rule[.]'" *Shuster v. Warden, Chillicothe Corr. Inst.*, No. 2:18-CV-211, 2018 WL 5777350, at *11 (S.D. Ohio Nov. 2, 2018), *report and recommendation adopted*, 2019 WL 1011175 (S.D. Ohio Mar. 4, 2019) (quoting *Hoffer v. Bradshaw*, 622 F.3d 487, 501 (6th Cir. 2010) (citations omitted). Thus, Petitioner has failed to establish that relief is warranted on this basis.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S. 1071, ––––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims.  The Court therefore **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  June 1, 2021**